Exhibit A

# Your Missouri Courts .net

Search for Cases by: Select Search Method...

Judicial Links | eFiling | Help | Contact Us | Print    GrantedPublicAccess  Logoff MDMEADOWS321

**1811-CC00431 - DOLEATA JOHNSON ON BEHALF OF V MEDICREDIT INC (E-CASE)**

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

This information is provided as a service and is not considered an official court record.

**Click here to eFile on Case**
**Click here to Respond to Selected Documents**

Sort Date Entries: ● Descending  ○ Ascending    Display Options: All Entries

**05/02/2018**  ☐ **Order - Special Process Server**
　　Associated Entries: 05/01/2018 - **Motion Special Process Server**

　　☐ **Summons Issued-Circuit**
　　Document ID: 18-SMCC-706, for MEDICREDIT INC. SUMMONS SAVED AND ATTACHED IN PDF FORM FOR ATTORNEY TO RETRIEVE FROM SECURE CASE.NET. clm

**05/01/2018**  ☐ **Filing Info Sheet eFiling**
　　Filed By: DOMINIC M PONTELLO

　　☐ **Motion Special Process Server**
　　MOTION FOR SPECIAL PROCESS SERVER.
　　Filed By: DOMINIC M PONTELLO
　　On Behalf Of: DOLEATA JOHNSON on behalf of herself an all other similarly situated
　　Associated Entries: 05/02/2018 - **Order - Special Process Server**

　　☐ **Pet Filed in Circuit Ct**
　　CLASS ACTION PETITION.

　　☐ **Judge Assigned**

---

Case.net Version 5.13.19.1       Return to Top of Page       Released 02/02/2018

Electronically Filed - St Charles Circuit Div - May 01, 2018 - 12:53 PM

IN THE CIRCUIT COURT
SAINT CHARLES COUNTY
STATE OF MISSOURI

| | |
|---|---|
| **DOLEATA JOHNSON, on behalf of herself an all other similarly situated** | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Cause No.<br>)<br>) |
| **MEDICREDIT, INC.** | ) Division<br>) |
| Serve at:<br>STK REGISTERED AGENT, INC.<br>900 W. 48TH STREET, STE 900<br>KANSAS CITY, MO 64112 | )<br>)<br>)<br>)<br>) |
| Defendant. | ) **JURY TRIAL DEMANDED** |

### INTRA-STATE CLASS ACTION PETITION

COMES NOW, Plaintiff, Doleata Johnson, and for her Intra-State Class Action Petition states as follows:

### INTRODUCTION

1. This is an action for statutory and actual damages brought by an individual consumer on behalf of herself and all other consumers located in Missouri and similarly situated for violations of the Fair Debt Collections Practices Act, 15 USC 1692 *et. Seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2. This is an action for statutory damages brought by an individual consumer on behalf of herself and all other consumers located in Missouri and similarly situated for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

3. Plaintiff, for herself, and on behalf of her fellow class members, demands a trial by jury on all issues so triable.

## JURISDICTION

4. This Court has jurisdiction of the FDCPA claim under 15 USC 1692k (d) because the illicit collection activity was directed at Plaintiff in Saint Charles County, Missouri.

5. This Court has jurisdiction of the TCPA claim under 47 U.S.C. § 227 (3)(b). Venue is appropriate in this Court because Defendant Medicredit, Inc. ("Medicredit, Inc") placed prohibited telephone calls to Plaintiff at Plaintiff's phone located in St. Charles County, Missouri.

## PARTIES

6. Plaintiff is a natural person currently residing in Saint Charles County, Missouri. Plaintiff is a "consumer" within the meaning of the FDCPA. The debt Plaintiff allegedly owes arises out of consumer, family, and household transactions.

7. Specifically, Plaintiff believes the alleged debt arose from a medical debt.

8. Defendant Medicredit, Inc. is a domestic corporation with its principal place of business in Columbia, MO. The principal business purpose of Defendant is the collection of debts in Missouri and nationwide, and Defendant regularly attempts to collect debts alleged to be due another.

### *Telephone Consumer Protection Act*

9. At all times relevant to this complaint, the Plaintiff was and is a "person" as defined by the TCPA 47 U.S.C. § 153(39).

10. At all times relevant to this complaint, Defendant has owned, operated, and or controlled "customer premises equipment" as defined by the TCPA 47 U.S.C. § 153(16) that originated, routed, and/or terminated telecommunications.

11. Defendant at all times relevant to the complaint herein engages in "telecommunications" as defined by the TCPA 47 U.S.C. § 153(50).

12. Defendant at all times relevant to the complaint herein engages in "interstate communications" as defined by the TCPA 47 U.S.C. § 153(28).

13. At all times relevant to this complaint, Defendant has used, controlled, and/or operated "wire communications" as defined by the TCPA 47 U.S.C. § 153(59), that existed as instrumentalities of interstate and intrastate commerce.

14. At all times relevant to this complaint, Defendant has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(2).

*Fair Debt Collection Practices Act*

15. Plaintiff is a "consumer" within the meaning of the FDCPA. The alleged debt Plaintiff owes arises out of consumer, family, and household transactions.

16. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant is a "debt collector" as defined by the FDCPA. 15 U.S.C. §1692a (6).

**FACTS**

17. Defendant's collection activity of which Plaintiff complains occurred within the previous twelve (12) months.

18. Within one year immediately preceding the filing of this lawsuit, Defendant telephoned the Plaintiff's cellular phone using an automatic telephone dialing system on numerous occasions and left pre-recorded messages on the Plaintiff's answering service in violation of the TCPA and FDCPA.

19. Within the last year, Defendant began attempts to collect an alleged debt from Plaintiff.

20. In its attempt to collect this debt, Defendant made numerous unsolicited,

unauthorized pre-recorded debt collection phone calls to Plaintiff's cellular phone number, 314-496-1619.

21.     In Defendant's debt collection pre-recorded messages to Plaintiff's cell phone, Defendant fails to state that it is a debt collector attempting to collect a debt, and that any information obtained can be used for that purpose.

22.     In Defendant's debt collection pre-recorded messages to Plaintiff's cell phone, Defendant requested a call back to its phone number (800) 888-2238.

23.     Plaintiff never provided her cell phone number to Defendant, and Plaintiff never gave her express written consent to be called on her cellular telephone by automatic dialed telephone calls or prerecorded messages.

24.     Plaintiff never signed any writing containing a clear and conspicuous disclosure, as required under 47 C.F.R. § 64.1200(f)(8)(i), informing the Plaintiff that by executing an agreement, Plaintiff consents to receive phone calls delivered using an automatic telephone dialing system or an artificial or prerecorded voice.

25.     Defendant knows the TCPA's prohibitions against using an autodialer and pre-recorded messages to call cell phones, and Defendant makes unauthorized and prohibited phone calls despite this knowledge.

*Violations of the TCPA*

26.     Defendant never obtained express written consent from Plaintiff to place telephone calls to Plaintiff's cellular phone number using an automatic telephone dialing system on or to send pre-recorded messages to Plaintiff's cellular phone.

27.     Within the last four years, Defendant made attempts to collect the alleged debt by making numerous unsolicited and unauthorized phone calls to Plaintiff's cellular phone number

using an automatic telephone dialing system and pre-recorded messages.

28. Defendant's phone calls for Plaintiff were placed from Defendant's automatic telephone dialing system, as defined by 47 U.S.C. § 227(a)(1), from the phone number that is registered to the Defendant.

29. Specifically, Defendant's dialing system has the capacity to store, dial, and generate phone numbers such as Plaintiff's.

30. These automated telephone dialing system calls were made to Plaintiff's cellular phone and she was charged for these phone calls, in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

### *Violations of the FDCPA*

31. Defendant's use of a prohibited means of telecommunications violated the FDCPA, 15 U.S.C. §1692f, which prohibits the use of unfair or unconscionable means to collect or attempt to collect any debt.

32. Defendant failed to disclose in its pre-recorded voice messages to the Plaintiff, that it was a debt collector attempting to collect a debt, in violation of FDCPA § 1692e(11), which requires that in any communication, the debt collector must disclose that the communication is from a debt collector.

33. Defendant's collection attempts have caused Plaintiff to incur actual damages including but not limited to anxiety, sleeplessness, and worry.

### CLASS ALLEGATIONS - FDCPA

34. Upon information and belief, it is Defendant's routine practice to violate the FDCPA by conducting telephone debt collection communications in which Defendant fails to include the disclosure required by 15 U.S.C. § 1692e(11) that the communication is from a debt collector in an attempt to collect a debt.

Electronically Filed - St Charles Circuit Div - May 01, 2018 - 12:53 PM

35. This action is properly maintainable as a class action pursuant to Rule 52.08 of the Missouri Supreme Court Rules. The class consists of the following persons:

> All persons in Missouri who received a pre-recorded voice message on their telephone in which Defendant failed to disclose that the communication was from a debt collector in an attempt to collect a debt.

36. Members of the class are so numerous that joinder is impracticable. Based on Plaintiff's research, Defendant is a high volume debt collector that attempts to collect every month on hundreds of delinquent debts allegedly owed by Missouri consumers.

37. Upon information and belief, Defendant has engaged in the improper collections communications described above with at least one hundred Missouri consumers.

38. Plaintiff is a member of the class he seeks to represent.

39. There are no unique defenses Defendant can assert against Plaintiff individually, as distinguished from the class.

40. Plaintiff will assure the adequate representation of all members of the class and will have no conflict with class members in the maintenance of this action. Plaintiff's interests in this action are typical of the class and are antagonistic to the interests of the Defendant. Plaintiff has no interest or relationship with the Defendant that would prevent her from litigating this matter fully. Plaintiff is aware that settlement of a class action is subject to court approval and she will vigorously pursue the class claims throughout the course of this action.

41. A class action will provide a fair and efficient method to adjudicate this controversy since the claims of the class members are virtually identical in that they raise the same questions of law and involve the same methods of collection by the Defendant.

42. Most, if not all, of the facts needed to determine damages are obtainable from the Defendant's records.

43. The purposes of the FDCPA will be best effectuated by a class action.

44. A class action is superior to other methods for the fair and efficient adjudication of this controversy.

45. Furthermore, as damages suffered by most members of the class are relatively small in relation to the costs, expense, and burden of litigation, it would be difficult for members of the class individually to redress the wrongs done to them.

46. Many, if not all, class members are unaware that claims exist against the Defendant. There will be no unusual difficulty in the management of this action as a class action.

47. One common question of law and fact predominate over all individual questions in this action. The common question is whether Defendant engaged a class member with a pre-recorded voice message debt collection communication in which Defendant failed to disclose that the communication is from a debt collector in an attempt to collect a debt.

48. Because many class members are unaware of their claims and because their claims are small in relation to the cost of an individual suit, a class action is the only proceeding in which class members can, as a practical matter, recover.

49. Plaintiff and Plaintiff's counsel have the necessary financial resources to adequately and vigorously litigate this class action. Plaintiff's counsel will fairly and adequately represent and protect the interests of the Class.

Electronically Filed - St Charles Circuit Div - May 01, 2018 - 12:53 PM

50. All Class members have been damaged in precisely the same fashion, by precisely the same conduct. The loss suffered by individual Class members is calculable and ascertainable.

### COUNT I: VIOLATION OF THE FDCPA

51. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

52. In its attempt to collect the alleged debts from Plaintiff, Defendant has committed violations of the FDCPA, 15 U.S.C. 1692 et. seq., including, but not limited to, the following:

    a. Failing to disclose in a collection communication that the communication is from a debt collector in an attempt to collect a debt. 15 U.S.C. §1692e(11).

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant for:

    A. An order declaring this action to be a proper state-wide class action and requiring Defendant to bear the cost of class notice;

    B. Judgment that Defendant's conduct violated the FDCPA;

    C. Actual damages;

    D. Release of the alleged debt;

    E. Statutory damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. 1692(k); and

    F. For such other relief as the Court may deem just and proper.

### CLASS ALLEGATIONS - TCPA

52. Upon information and belief, it is Defendant's routine practice to violate the TCPA by using an automatic dialing telephone system to place pre-recorded telephone messages to cellular telephones without the consent of the persons being called, in violation of the TCPA,

47 U.S.C. § 227(b)(1)(A)(iii).

53. This action is properly maintainable as a class action pursuant to Rule 52.08 of the Missouri Supreme Court Rules. The class consists of the following persons:

> All persons in Missouri who received an auto-dialed or pre-recorded voice message on their cellular telephone without their consent.

54. Members of the class are so numerous that joinder is impracticable. Based on Plaintiff's research, Defendant is a high-volume debt collector that attempts to collect every month on hundreds of delinquent debts allegedly owed by Missouri consumers by sending auto-dialed pre-recorded messages to their cellular telephones.

55. Upon information and belief, Defendant has engaged in the improper telecommunications conduct described above with at least one hundred Missourians.

56. Plaintiff is a member of the class she seeks to represent.

57. There are no unique defenses Defendant can assert against Plaintiff individually, as distinguished from the class.

58. Plaintiff will assure the adequate representation of all members of the class and will have no conflict with class members in the maintenance of this action. Plaintiff's interests in this action are typical of the class and are antagonistic to the interests of the Defendant. Plaintiff has no interest or relationship with the Defendant that would prevent her from litigating this matter fully. Plaintiff is aware that settlement of a class action is subject to court approval and she will vigorously pursue the class claims throughout the course of this action.

Electronically Filed - St Charles Circuit Div - May 01, 2018 - 12:53 PM

59. A class action will provide a fair and efficient method to adjudicate this controversy since the claims of the class members are virtually identical in that they raise the same questions of law and involve the same methods of collection by the Defendant.

60. Most, if not all, of the facts needed to determine damages are obtainable from the Defendant's records.

61. The purposes of the TCPA will be best effectuated by a class action.

62. A class action is superior to other methods for the fair and efficient adjudication of this controversy.

63. Furthermore, as damages suffered by most members of the class are relatively small in relation to the costs, expense, and burden of litigation, it would be difficult for members of the class individually to redress the wrongs done to them.

64. Many, if not all, class members are unaware that claims exist against the Defendant. There will be no unusual difficulty in the management of this action as a class action.

65. One common question of law and fact predominate over all individual questions in this action. The common question is whether Defendant engaged a class member in an auto-dialed telephone debt collection communication in which Defendant sent a pre-recorded message to their cellular telephone without their consent.

66. Because many class members are unaware of their claims and because their claims are small in relation to the cost of an individual suit, a class action is the only proceeding in which class members can, as a practical matter, recover.

67. Plaintiff and Plaintiff's counsel have the necessary financial resources to adequately and vigorously litigate this class action. Plaintiff's counsel will fairly and adequately represent and protect the interests of the Class.

68. All Class members have been damaged in precisely the same fashion, by precisely the same conduct. The loss suffered by individual Class members is calculable and ascertainable.

## COUNT II: VIOLATION OF THE TCPA

69. Plaintiff re-alleges and incorporates by reference all prior paragraphs.

70. In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the TCPA, 47 USC 227 et. seq., including, but not limited to, the following:

   a. Placing non-emergency phone calls to Plaintiff's cellular phone without express authorized consent of the Plaintiff. 47 USC 227(b) (1) (A) (iii).

71. Defendant's violations were negligent, or alternatively, they were willful or knowing, in violation of 47 U.S.C. § 312(f)(1).

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant for:

   A. An order declaring this action to be a proper state-wide class action and requiring Defendant to bear the cost of class notice;

   B. Judgment that Defendant's conduct violated the TCPA;

   C. Actual damages;

   D. Statutory damages pursuant to 47 USC (b)(3); and

   E. For such other relief as the Court may deem just and proper.

Respectfully submitted by,

Pontello & Bressler, LLC

Electronically Filed - St Charles Circuit Div - May 01, 2018 - 12:53 PM

Electronically Filed - St Charles Circuit Div - May 01, 2018 - 12:53 PM

/s/ Dominic M. Pontello
Dominic M. Pontello, #60947
Isaac J. Bressler, #66379
406 Boones Lick Rd
St. Charles, MO  63301
(636) 896-4170
(636) 246-0141 facsimile
dominic@pontellolaw.com
ibressler@pontellolaw.com

*Attorneys for Plaintiff*

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that the Defendant take affirmative steps to preserve all recordings, data, databases, call records, consent to receive autodialed or prerecorded calls, emails, recordings, documents and all other tangible things that relate to the allegations herein, to the Plaintiff, or the making of telephone calls, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with Plaintiff, and any account or number or symbol relating to any of them.  These materials are very likely relevant to the litigation of this claim.  If Defendant is aware of any third party that has possession, custody, or control of any such materials, Plaintiff demands that the Defendant request that such third party also take steps to preserve the materials.  This demand shall not narrow the scope of any independent document preservation duties of the Defendant.

/s/ Dominic M. Pontello

**1811-CC00431**

Electronically Filed - St Charles Circuit Div - May 01, 2018 - 12:53 PM

IN THE CIRCUIT COURT OF SAINT CHARLES COUNTY
STATE OF MISSOURI

| | |
|---|---|
| **DOLEATA JOHNSON,** | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Cause No. |
| | ) |
| **MEDICREDIT, INC** | ) Division |
| | ) |
| Defendant. | ) **JURY TRIAL DEMANDED** |

### REQUEST FOR APPOINTMENT OF PROCESS SERVER

**COMES NOW**, undersigned counsel, pursuant to Local Rules, and at his own risk requests the appointment of the Circuit Clerk of:

**MICHAEL SIEGEL
KANSAS CITY PROCESS SERVICE
P.O. BOX 717
SMITHVILLE, MO 64089
816-217-3329**

Natural persons of lawful age to serve the summons and petition in this cause on the below named parties. This appointment as special process server does not include the authorization to carry a concealed weapon in the performance thereof.

**SERVE AT:**
STK REGISTERED AGENT, INC.
900 W. 48TH STREET, STE 900
KANSAS CITY, MO 64112

All Risks to Plaintiff
So Appointed:

Date: _____

By: _____

Pontello & Bressler, LLC
__/s/ Dominic M. Pontello_____
Dominic M. Pontello, #60947
Attorney for Plaintiff
406 Boones Lick Rd
St. Charles, MO  63301
(636) 896-4170
(636) 246-0141 facsimile

IN THE CIRCUIT COURT OF SAINT CHARLES COUNTY
STATE OF MISSOURI

| | |
|---|---|
| **DOLEATA JOHNSON,** | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Cause No. |
| | ) |
| **MEDICREDIT, INC** | ) Division |
| | ) |
| Defendant. | ) **JURY TRIAL DEMANDED** |

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

**COMES NOW**, undersigned counsel, pursuant to Local Rules, and at his own risk requests the appointment of the Circuit Clerk of:

**MICHAEL SIEGEL
KANSAS CITY PROCESS SERVICE
P.O. BOX 717
SMITHVILLE, MO 64089
816-217-3329**

Natural persons of lawful age to serve the summons and petition in this cause on the below named parties. This appointment as special process server does not include the authorization to carry a concealed weapon in the performance thereof.

**SERVE AT:**
STK REGISTERED AGENT, INC.
900 W. 48TH STREET, STE 900
KANSAS CITY, MO 64112

All Risks to Plaintiff
So Appointed:

Date: ALL RISKS TO PLAINTIFF SO APPOINTED:
By: __/S/ JUDY ZERR__   2:36 pm, May 02, 2018

Pontello & Bressler, LLC
  /s/ Dominic M. Pontello
Dominic M. Pontello, #60947
Attorney for Plaintiff
406 Boones Lick Rd
St. Charles, MO  63301
(636) 896-4170
(636) 246-0141 facsimile

Electronically Filed - St Charles Circuit Div - May 01, 2018 - 12:53 PM



# IN THE 11TH JUDICIAL CIRCUIT COURT, ST. CHARLES COUNTY, MISSOURI

| Judge or Division:<br>JON A. CUNNINGHAM | Case Number: 1811-CC00431 |
|---|---|
| Plaintiff/Petitioner:<br>DOLEATA JOHNSON on behalf of herself an all other similary situated<br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>DOMINIC M PONTELLO<br>PONTELLO LAW LLC<br>406 BOONES LICK RD<br>SAINT CHARLES, MO 63301 |
| Defendant/Respondent:<br>MEDICREDIT INC | Court Address:<br>300 N 2nd STREET<br>SAINT CHARLES, MO 63301 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: MEDICREDIT INC
Alias:

3620 I-70 DR. SE, SUITE C
COLUMBIA, MO 65201

SERVE AT:
STK REGISTERED AGENT INC
900 W 48TH STREET SUITE 900
KANSAS CITY, MO 64112

*COURT SEAL OF*

*ST. CHARLES COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_____5/2/2018_____        _____/S/ Judy Zerr_____
        Date                                  Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).
☐ other _____.
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____        _____
Printed Name of Sheriff or Server           Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).
(Seal)
My commission expires: _____        _____
                                Date                                Notary Public

**Sheriff's Fees**
Summons          $_____
Non Est          $_____
Sheriff's Deputy Salary
Supplemental Surcharge  $___10.00___
Mileage          $_____ ( _____ miles @ $. _____ per mile)
**Total**        $_____

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

STATE OF MISSOURI            )
                             ) ss.
ST. CHARLES COUNTY, MISSOURI )

IN THE CIRCUIT COURT OF ST. CHARLES COUNTY, MISSOURI

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

      Pursuant to Missouri Supreme Court Rule 17, the Circuit Court of St. Charles County, Missouri (Eleventh Judicial Circuit) has adopted a local rule to encourage voluntary alternative dispute resolution.  The purpose of the rule and the program it establishes is to foster timely, economical, fair and voluntary settlements of lawsuits without delaying or interfering with a party's right to resolve a lawsuit by trial.

      This program applies to all civil actions other than cases in the small claims, probate and family court divisions of the Circuit Court, and you are hereby notified that it is available to you in this case.

      The program encourages the voluntary early resolution of disputes through mediation. Mediation is an informal non-binding alternative dispute resolution process in which a trained mediator facilitates discussions and negotiations among the parties to help them resolve their dispute.  The mediator is impartial and has no authority to render a decision or impose a resolution on the parties.   During the course of the mediation, the mediator may meet with the parties together and separately to discuss the dispute, to explore the parties' interests, and to stimulate ideas for resolution of the dispute.

      A list of mediators approved by the court and information regarding their qualifications is kept by the Circuit Clerk's Office.  If all parties to the suit agree to mediation, within ten days after they have filed the Consent to Mediation Form on the reverse side of this page with the Clerk of the Court, they shall jointly select from that list a mediator who is willing and available to serve.  If the parties cannot agree upon the mediator to be selected, the Court will make the selection.

      The full text of the Circuit Court's local court rules, including Rule 38 Alternative Dispute Resolution, is available from the Clerk of the Circuit Court or at: http://www.courts.mo.gov/hosted/circuit11/Documents/LOCAL_COURT_RULES.pdf

      A copy of this Notice is to be provided by the Clerk of the Circuit Court to each of the parties initiating the suit at the time it is filed, and a copy is to be served on each other party in the suit with the summons and petition served on that party.

STATE OF MISSOURI            )
                             ) ss.
ST. CHARLES COUNTY, MISSOURI )

IN THE CIRCUIT COURT OF ST. CHARLES COUNTY, MISSOURI

_____ )
                     Plaintiff(s),  )
                                    )
vs.                                 )        Cause #_____
                                    )
_____ )
                     Defendant(s).  )

**CONSENT TO MEDIATION FORM**

I, the undersigned counsel of record in this case, hereby certify that I have discussed the subject of mediation under the Court's Alternative Dispute Resolution Program with my client(s) in this case and that:

_____  We believe that mediation would be helpful in this case and consent to the referral of the case to mediation upon the filing of similar consents by all other parties in the case.

_____  We do not consent to the referral of this case to mediation.

_____
Signature

_____
(Print Name)

Attorney for:

_____
(Party or Parties)

Date: _____